UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| NENG POR YANG, | ) | CIV. 09-3190-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARILYN BROWN ROSENBAUM | ) | |
| and LINDA J. GALLANT, | ) | |
| individually and acting in their | ) | ORDER GRANTING |
| capacities as a Referee Judge; | ) | DEFENDANTS' |
| ROBERT W. GROTH, JEANINE | ) | MOTION TO DISMISS |
| LYNN JOHNSON, and KEVIN C. | ) | MARILYN BROWN |
| QUIGLEY, individually and acting | ) | ROSENBAUM AND |
| in their official capacities as | ) | LINDA J. GALLANT |
| attorneys; ROBERT W. GROTH, | ) | |
| PA, a Florida PA corporation; | ) | |
| MEYER & NJUS PA, a Minnesota | ) | |
| DC Corporation; HAMILTON | ) | |
| QUIGLEY & TWAIT, a Minnesota | ) | |
| PLC Corporation; KIRBY A. | ) | |
| KENNEDY & ASSOCIATES, a | ) | |
| ficticious business, | ) | |
| | ) | |
| Defendants. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Plaintiff commenced this action on November 13, 2009. On November 17, 2009, plaintiff filed an Amended Complaint. The Amended Complaint sets forth eleven causes of action. Count I alleges that Marilyn Brown Rosenbaum (Judge Rosenbaum) and Linda J. Gallant (Judge Gallant) each, while acting in their official capacity as judges, violated plaintiff's constitutional rights by illegally granting a harassment

restraining order against plaintiff in violation of 42 U.S.C. § 1983. Count II alleges that defendants Robert Groth (Groth), Jeanine Johnson (Johnson), Kevin Quigley (Quigley), and their respective law firms, as well as Kirby Kennedy & Associates (Kennedy), acted in violation of 42 U.S.C. § 1983 when they unlawfully and fraudulently petitioned for a restraining order against plaintiff. Count III alleges that Judge Rosenbaum, Judge Gallant, Groth, Johnson, Quigley, and Kennedy conspired to violate plaintiff's constitutional rights. Count IV sets forth a claim of abuse of process against Groth, Johnson, Quigley, and Kennedy. Plaintiff also alleges a claim of defamation against Groth, Johnson, Quigley, and Kennedy in Count V. A claim of fraudulent misrepresentation is set forth in Count VI against Groth, Johnson, Quigley, and Kennedy. Count VII sets forth a claim of fraudulent non-disclosure and concealment against Groth, Johnson, Quigley, and Kennedy. Count VIII alleges a claim of negligent breach of legal duty against Groth, Johnson, Quigley, and Kennedy. Count IX sets forth a claim of intentional infliction of emotional distress against Groth, Johnson, Quigley, and Kennedy. Count X alleges a claim of negligent infliction of emotional distress against Groth, Johnson, Quigley, and Kennedy. Finally, in Count XI, plaintiff alleges that Judge Rosenbaum, Judge Gallant, Groth, Johnson, Quigley, and Kennedy acted in concert to secure a fraudulent restraining order which should be set aside under Minnesota statute § 548.14.

Judge Rosenbaum and Judge Gallant moved to dismiss the complaint on December 9, 2009, alleging that it is barred by the Eleventh Amendment and the doctrine of judicial immunity. Plaintiff was ordered to respond to the motion to dismiss on or before January 11, 2010. Plaintiff has filed his response in opposition to the motion to dismiss. Notwithstanding plaintiff's opposition, the Court finds that the motion to dismiss should be granted.

## STANDARD OF REVIEW

Judge Rosenbaum and Judge Gallant move to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Eighth Circuit has held that "[b]ecause jurisdiction is a threshold issue for the court, the district court has 'broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993) (quoting Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990)). In Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990), the Eighth Circuit noted that

> '[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.'

3

Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (quoting Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). See also Deuser v. Vecera, 139 F.3d 1190, n.3 (8th Cir. 1998).

Judge Rosenbaum and Judge Gallant also move to dismiss the action for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). When determining if plaintiff has alleged a claim upon which relief may be granted, the Court is to "accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). Having set forth the standards of review, the Court turns to the motion to dismiss.

## DISCUSSION

The first issue in the motion to dismiss is whether this action is barred by the Eleventh Amendment. "[T]he Eleventh Amendment bars suit against the state or state officials acting in their official capacity." Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 743 (8th Cir. 1998) (citing Kentucky v. Graham, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). A suit will be allowed to proceed, however, if the state has waived immunity. See Morstad, 147 F.3d at 744. The state of Minnesota has not waived immunity. Therefore, an action may not be

maintained against Minnesota or its officials acting in their official capacities. As a result, plaintiff may not sue Judge Rosenbaum or Judge Gallant in their official capacities.

Judge Rosenbaum and Judge Gallant are also protected from suit by the doctrine of judicial immunity. Under the doctrine of judicial immunity, a judge is immune "from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985)). "[J]udicial immunity is not overcome by allegations of bad faith or malice . . . ." Mireles, 502 U.S. at 11, 112 S. Ct. at 288 (citing Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218, 18 L. Ed. 2d 288 (1967)). Rather, judicial immunity can only be overcome for actions which were "not taken in the judge's judicial capacity" or "actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12, 112 S. Ct. at 288 (citations omitted).

In the case *sub judice*, plaintiff alleges that Judges Rosenbaum and Gallant violated his constitutional rights when, acting in their capacities as judges, they approved the issuance of restraining orders against him. Plaintiff alleges that they acted with malice, deliberate indifference, and a reckless disregard for his constitutional rights when they approved the restraining orders. Plaintiff, in his brief in opposition, alleges that the "fraudulent grant" of a restraining order is not a

judicial act normally performed by a judge and therefore, neither Judge Rosenbaum nor Judge Gallant should be protected by the doctrine of judicial immunity.

The Eighth Circuit has held that "under the functional approach to immunity law, the critical inquiry is in what capacity the defendants were acting at the time of the allegedly unconstitutional or unlawful conduct." Brown v. Griesenauer, 970 F.2d 431, 436 (8th Cir. 1992). The Court finds that Judge Rosenbaum and Judge Gallant were acting in their capacities as judges at the time of the alleged unconstitutional act. The Court further finds that the issuance of a restraining order is an act that is judicial in nature. See generally, Forrester v. White, 484 U.S. 219, 227-228, 108 S. Ct. 538, 544-45, 98 L. Ed. 2d 555 (1988). As a result, the Court concludes that this is precisely the type of situation to which the doctrine of judicial immunity is applicable.

Plaintiff also alleges that Judge Rosenbaum and Judge Gallant acted in the absence of personal jurisdiction. Plaintiff alleges in particular, that jurisdiction did not exist because Kirby Kennedy was a fictitious person. The Court, however, finds that there was not an absence of jurisdiction. Section 609.78(4) of the Minnesota Statutes confers the authority to judges and referees to issue temporary retraining orders. Judge Rosenbaum and Judge Gallant received petitions for the temporary restraining orders which were in compliance with the statute. As such, Judge Rosenbaum and Judge Gallant were acting in accordance with their jurisdiction. Plaintiff additionally alleges that the fraudulent nature of defendants' actions

deprived the judges of jurisdiction. The Court finds that this assertion is without merit. As a result, the Court finds that the doctrine of judicial immunity applies and plaintiff's claims against Judge Rosenbaum and Judge Gallant, in either their individual or official capacities, may not proceed. Accordingly, it is hereby

ORDERED that defendants motion to dismiss (Docket #3) is granted and Count I is dismissed in its entirety, and Count III and Count XI are dismissed with regard to Marilyn Brown Rosenbaum and Linda J. Gallant.

Dated this 19th day of January, 2010.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE