UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| NENG POR YANG, | ) | CIV. 09-3190-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARILYN BROWN ROSENBAUM | ) | |
| and LINDA J. GALLANT, | ) | |
| individually and acting in their | ) | |
| capacities as a Referee Judge; | ) | ORDER OF DISMISSAL |
| ROBERT W. GROTH, JEANINE | ) | |
| LYNN JOHNSON, and KEVIN C. | ) | |
| QUIGLEY, individually and acting | ) | |
| in their official capacities as | ) | |
| attorneys; ROBERT W. GROTH, | ) | |
| PA, a Florida PA corporation; | ) | |
| MEYER & NJUS PA, a Minnesota | ) | |
| DC Corporation; HAMILTON | ) | |
| QUIGLEY & TWAIT, a Minnesota | ) | |
| PLC Corporation; KIRBY A. | ) | |
| KENNEDY & ASSOCIATES, a | ) | |
| ficticious business, | ) | |
| | ) | |
| Defendants. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Plaintiff commenced this action on November 13, 2009, seeking relief pursuant to 42 U.S.C. § 1983 for the alleged deprivation of his constitutional rights with regard to the issuance of a restraining order. Plaintiff filed an amended complaint on November 17, 2009. Summonses were issued for the named defendants on November 13, 2009.

On December 9, 2009, defendants, Judge Marilyn Brown Rosenbaum and Judge Linda J. Gallant, filed a motion to dismiss. Plaintiff was given an opportunity to respond. The Court granted the motion to dismiss Judge Rosenbaum and Judge Gallant on January 19, 2010, based upon the doctrine of judicial immunity. Plaintiff appealed that Order of dismissal to the Eighth Circuit Court of Appeals. This appeal was dismissed as premature on March 10, 2010.

The Court reviewed the file and found that plaintiff failed to properly serve the remaining defendants. On March 17, 2010, the Court ordered plaintiff to show cause as to why he failed to procure service of process. Plaintiff has now responded and the matter is ripe for disposition.

## DISCUSSION

Federal Rule of Civil Procedure 4 provides as follows:

> (c) **Service**
>     (1) *In General.* A summons must be served with a copy fo the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
> . . .
> (d) **Waiving Service.**
>     (1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service . . . has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant wave service of a summons. The notice and request must:
>         (A) be in writing and be addressed:

(i)     to the individual defendant; or
                        (ii)    for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
                (B)     name the court where the complaint was filed;
                (C)     be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form:
                (D)     inform the defendant, using the text prescribed in Form 5, of the consequences of waiving and not waiving service;
                (E)     state the date when the request is sent;
                (F)     give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver; and
                (G)     be sent by first-class mail or other reliable means.
        (2)     *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on defendant:
                (A)     the expenses later incurred in making service; and
                (B)     the reasonable expenses, including attorney's fees, of any motion required to collect those expenses.
. . .
(e)     **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served in a judicial district of the United States by:
        (1)     following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
        (2)     doing any of the following:
                (A)     delivering a copy of the summons and of the complaint to the individual personally;
                (B)     leaving a copy of each at the individual's dwelling or usual place of abode with someone of the suitable age and discretion who resides there; or

3

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

. . .

(h) **Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise, or defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to a suit under a common name, must be served:
  (1) in a judicial district of the United States:
    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is authorized by statute and the statute so requires - by also mailing a copy to each defendant; . . .

(l) **Proving Service.**
  (1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

. . .

(m) **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the Order to Show Cause, the Court noted that plaintiff did not comply with the requirements of Fed. R. Civ. P. 4 with regard to requesting waivers of service from defendants in that he did not provide two copies of the waiver form and prepaid means of returning the forms. The summons were issued by the Clerk

of Court on November 13, 2009, and again on December 15, 2009. On December 15, 2009, plaintiff filed the affidavit of David Holder (Holder) in an attempt to prove service of process. This affidavit states:

> I, Dave Holder, being sworn; state that on 12/15, 2009, I served the attached documents, namely, Plaintiff's:
> 1. Summon.
> 2. Complaint.
> 3. Notice and Acknowledgement [sic] of Receipt of Summon and Complaint.
>
> By mailing a true and correct copy of the document(s) to the person(s) named above by placing the document(s) in an envelope with sufficient postage in the United States mail at the Post Office located in the City of Minneapolis, State of Minnesota, . . . .

Docket #10. Thus, by plaintiff's own documentation, he did not provide two copies of the waiver forms, nor did he provide a prepaid means for the return of the forms. Plaintiff does not deny that he failed to provide two copies of the waiver form and a return envelope, postage prepaid, in compliance with the Rules. Accordingly, the Court finds that plaintiff did not make a proper request for waiver of service.

Even if plaintiff had properly requested defendants to waive service, the Court finds that service is still incomplete. Federal Rule of Civil Procedure 4(e) provides that service of process may be accomplished by the methods set forth by state law in the jurisdiction where the district court is located, by serving a defendant personally, leaving a copy of the summons and complaint at defendants'

residences, or delivering a copy of the summons and complaint to a defendant's agent. The Minnesota Rules of Civil Procedure provide as follows:

> In any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender. If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual.

Minnesota Rule of Civil Procedure 4.05. As a result, under the Minnesota Rules of Civil Procedure, when plaintiff did not receive an acknowledgment of service from defendants, his attempt to serve was deemed ineffective. As there is no proof of personal service in accordance with Fed. R. Civ. P. 4(e), the Court finds that plaintiff never accomplished service of process.

Plaintiff contends that he did complete service of process and that defendants simply do not wish to respond. Plaintiff further asserts that if the Court should find that he did not properly serve defendants, he should be granted an extension of time to attempt service of process a third time. The Court finds, however, that plaintiff has not presented good cause as to why he failed to properly serve defendants within the 120 days provided by the Federal Rules of Civil Procedure. It is clear that plaintiff was aware that there were problems with his service of process. When the time for returning the requests for waivers lapsed, after the first attempt to serve defendants by mail, plaintiff acquired a second set of summons and attempted to

serve defendants a second time by mail. Again, after not receiving the waivers of service the second time, plaintiff moved for entry of default judgment. The Clerk of Courts did not grant his request for an entry of default and specifically noted on the docket report that "service could not be proven." As a result, the Court finds that plaintiff had notice that he had not accomplished proper service of process, yet he never acted to correct the errors. Hence, the Court finds that plaintiff has not shown good cause for failing to properly serve defendants and the Court will not allow an extension of time for plaintiff to attempt to complete service of process yet again. Accordingly, it is hereby

ORDERED that this action is dismissed without prejudice for failure to properly serve defendants within the time limit set by Federal Rule of Civil Procedure 4(m).

Dated this 14th day of April, 2010.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE