UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| NENG POR YANG, | ) | CIV. 09-3190-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MARILYN BROWN ROSENBAUM | ) | |
| and LINDA J. GALLANT, | ) | |
| individually and acting in their | ) | |
| capacities as a Referee Judge; | ) | |
| ROBERT W. GROTH, JEANINE | ) | |
| LYNN JOHNSON, and KEVIN C. | ) | |
| QUIGLEY, individually and acting | ) | |
| in their official capacities as | ) | |
| attorneys; ROBERT W. GROTH, | ) | |
| PA, a Florida PA corporation; | ) | |
| MEYER & NJUS PA, a Minnesota | ) | |
| DC Corporation; HAMILTON | ) | |
| QUIGLEY & TWAIT, a Minnesota | ) | |
| PLC Corporation; KIRBY A. | ) | |
| KENNEDY & ASSOCIATES, a | ) | |
| ficticious business, | ) | |
| | ) | |
| Defendants. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Plaintiff Neng Por Yang commenced this action on November 13, 2009. The Clerk of Courts issued summonses for the named defendants on that same day and again on December 15, 2009. Judge Marilyn Brown Rosenbaum and Judge Linda J. Gallant moved to dismiss the action against them. This motion was granted on January 19, 2010, after the Court found that they were protected by judicial immunity.

On March 17, 2010, the Court ordered Yang to show cause as to why he failed to procure service of process on the remaining defendants. As proof of service of process, Yang submitted several affidavits of service executed on December 15, 2009.

On April 14, 2010, the Court dismissed the action against the remaining defendants based upon Yang's failure to properly serve defendants under the Federal Rules of Civil Procedure. Yang now moves the Court to reconsider this Order.

## DISCUSSION

Yang contends that he should not be held accountable for defendants' failure to sign and return the acknowledgement of service forms. Yang contends that the Court erred in determining that he had not made proper service on November 14, 2009, regardless of the improper service of process attempted on December 15, 2009. In support of this contention, Yang submits letter which states that he personally sent two copies of each document to defendants. It states,

> PLEASE find attach [sic] and relevant to the above case file are the Plaintiff's:
> 1. 2 Notice of lawsuit & Request for waiver of service of Summons.
> 2. 2 Waiver of service of summons.
> 3. 2 copy of Plaintiff's US District Court Eight [sic] Circuit Compliant [sic].

Docket #34, Exhibit A.

The Court notes that this is the first time this document has been submitted. In the Order to Show Cause, dated March 17, 2010, the Court specifically noted that

Yang had failed to provide each of the named defendants two copies of the waiver form and a prepaid means to return the waiver form. Yet, Yang did not submit this letter as evidence that he did, in fact, comply with Fed. R. Civ. P. 4(m). The Court further notes that Yang has not submitted under oath that the assertions of this letter are true. There is simply no reason for this Court to find this submission to be credible.

Regardless, even if the Court were to find this letter credible, Yang still failed to procure proper service of defendants as he failed to provide a prepaid means for return of a completed waiver form. Moreover, Yang's letter states that if he did not hear from defendants within 30 days, he would "apply a formal service with the Summons & Complaint, and that all costs and expenses are incurred against the Defendant." Docket #34, Exhibit A. Yang, not having received the waivers of service from defendants, did not "apply a formal service," rather, he moved for default judgment. Yang knew the proper procedure to serve defendants, but chose not to follow those procedures. Therefore, service of process was not properly accomplished within the time limits set by the Federal Rules of Civil Procedures. As a result, the Court will not amend the Order of Dismissal.

Yang further contends that his motion for default judgment should have been granted as a sanction for defendants' purposeful evasion of these proceedings. The Court has found that Yang did not accomplish service of process on defendants.

This Court will not sanction defendants for Yang's own mistakes. Accordingly, it is hereby

ORDERED that Yang's motion to alter the Order of Dismissal (Docket #31) is denied.

Dated this 9th day of July, 2010.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

4